UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN JAY HUMPHREY,

Plaintiff,

v.

CDC, et al.,

Defendants.

---

**DECISION AND ORDER**

6:21-CV-06736 EAW

Plaintiff John Jay Humphrey ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983 (Dkt. 1) and seeks leave to proceed *in forma pauperis* (Dkt. 2). Plaintiff's complaint alleges violations of his constitutional rights arising from an Executive Order signed by the Governor of the State of New York, the entry of a filing injunction in the Northern District of New York, and the collection of income taxes. Plaintiff names the CDC, Commissioner of Mental Health, New York State Governor Kathy Hochul, the Northern District Court of New York, the Second Circuit, and the United States Supreme Court as defendants. Plaintiff seeks $2,500,000,000.00 in damages. (*Id.* at 8).

For the reasons set forth below, this action is transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a).

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The [Second] [C]ircuit has cautioned district courts to 'take seriously the adjective "substantial,"' explaining that venue is proper only if '*significant* events or omissions *material* to the plaintiff's claim' occurred in the chosen district." *Micromem Techs., Inc. v. Dreifus Assocs. Ltd.*, No. 14-CV-9145 (LAK), 2015 WL 8375190, at *4 (S.D.N.Y. Dec. 8, 2015) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis in original)).

When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). When determining whether a transfer is in the interest of justice, the Court considers: "(1) the convenience of parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof and the locus of operative facts; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the action can be tried more expeditiously and inexpensively (e.g., calendar

congestion); and (7) the totality of circumstances." *Palm Bay Int'l, Inc. v. Cork Alliance, Inc.*, No. 09 CV 494(SJF)(MLO), 2010 WL 11556546, at *7 (E.D.N.Y. Sept. 20, 2010) (quoting *French Transit, Ltd. v. Modern Coupon Sys., Inc.*, 858 F. Supp. 22, 27 (S.D.N.Y. 1994)). "[C]ourts may transfer cases on their own initiative." *Evans v. Absolute Results*, No. 21-CV-00280 (LLS), 2021 WL 603227, at *3 (S.D.N.Y. Feb. 12, 2021); *Luis v. Medley, Inc.*, No. 22-CV-02260 (NSR), 2022 WL 1204617, at *1 (S.D.N.Y. Apr. 22, 2022) ("When a plaintiff's choice of venue is improper, a district court may *sua sponte* transfer the case . . . ." (quoting *Ventricelli v. Nicklin,* No. 119CV0230, 2020 WL 132334, at *3 (N.D.N.Y. Jan. 13, 2020)); *Cento Pearl v. Arts & Craft Supply Inc.*, No. 03 CIV. 2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established.").

Here, Plaintiff's complaint provides addresses for each of the defendants and none are located in the Western District of New York, nor does Plaintiff allege that any of them "reside" within the Western District of New York. *See* 28 U.S.C. § 1392(c). Further, there are no allegations that a substantial part of the events or omissions giving rise to the claim occurred in the Western District of New York, that a substantial part of property that is the subject of the action is situated in the Western District of New York, or any other apparent basis supporting venue in this district. Further, Plaintiff alleges that he resides in the Northern District of New York and has not alleged any particular connection to this district. *Dickson v. Albany Fam. Ct.*, No. 22-CV-2239 (LTS), 2022 WL 1176940, at *2 (S.D.N.Y. Mar. 25, 2022) ("Because Plaintiff does not reside in this district and all of the events

giving rise to her claims took place outside this district, Plaintiff's choice of this forum is entitled to less deference.").

As noted, a filing injunction has been entered against Plaintiff in the Northern District of New York, and the legality of that filing injunction forms the basis of one of Plaintiff's claims. *See Humphrey v. Ct. Clerk ex rel. U.S. Supreme Ct.*, No. 5:11-CV-0938 GTS/ATB, 2012 WL 264603, at *5 (N.D.N.Y. Jan. 30, 2012) ("Because of his history of filing vexatious, harassing or duplicative lawsuits, Plaintiff is hereby warned that the Court will not tolerate the filing of frivolous actions by him in the future. As a result, he is directed to show cause, within thirty (30) days, why this Court should not issue an Order barring him from filing any future pro se actions without first obtaining leave of the Court."). Similarly, the residence of the Governor of the State of New York for venue purposes is in Albany, New York, which also is contained within the boundaries of the Northern District of New York. *Kinlaw v. Pataki*, No. 00-A-3863, 2007 WL 4166029, at *1 (W.D.N.Y. Nov. 16, 2007) (transferring case against Governor and others to Northern District of New York because "[a]ll three defendants in the instant matter performed their official duties in Albany, as indicated in the complaint, which lists the 'Executive Chamber' of the Governor in Albany as the address for defendant Pataki . . . [and] Albany is located in the Northern District of New York, and therefore, for purposes of venue, all three defendants are deemed to reside in the Northern District of New York."); *Akbar, Islam v. Cuomo*, No. 94 CIV. 7757 (HB), 1995 WL 539638, at *1 (S.D.N.Y. Sept. 8, 1995) ("Defendants Ex-Governor Cuomo and the 'Chief Officer of New York State Prisons,' both sued in their official capacities, performed their official duties in Albany, New York.

. . . As Albany lies within the boundaries of the Northern District of New York, their residences, for purposes of venue, is in that district."). Because the Northern District of New York has an interest in enforcing its own orders and provides not only convenience but a far greater connection to the claims asserted, it serves as a more appropriate venue for Plaintiff's claims.

Based upon the foregoing, the Court finds that venue of this action is not proper in this district. This Court further determines that it is in the interest of justice that this action be transferred to the Northern District of New York pursuant to 28 U.S.C. § 1406(a). This Court makes no ruling as to the sufficiency of Plaintiff's complaint, nor does it consider the merits of Plaintiff's application to proceed *in forma pauperis*; instead, this Court leaves those issues to the Northern District of New York.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of New York.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: May 9, 2022
Rochester, New York